Lane M. Ferdinand
Law Offices of Lane M. Ferdinand
468 Morris Ave., Springfield, NJ 07081 (973)467-1060
FAX: (973)467-3876
Attorneys for Plaintiff

RECEIVED-CLERK
U.S. DISTRICT COURT

'06 JUN -2  P 1: 39

## UNITED STATES DISTRICT COURT
### Northern District of New Jersey

| | |
|---|---|
| RUSSELL BATTIATO ) | Civil Action No. 06-2497 (wjm) |
| Plaintiff ) | |
| vs. ) | COMPLAINT FOR |
| HARLEY – DAVIDSON ) | |
| MOTOR COMPANY; JOHN DOES ) | DAMAGES |
| 1-10 (fictitious individual parties, the ) | |
| names of which are presently ) | |
| unknown); ABC CORPORATIONS ) | |
| 1-10 (fictitious corporate Parties, the ) | |
| identities of which are Presently ) | |
| unknown); DEF COMPANIES ) | |
| (fictitious company parties, the ) | |
| identities of which are presently ) | |
| unknown); XYZ PARTNERSHIPS ) | |
| (fictitious partnership parties, the ) | |
| identities of which are unknown), ) | |
| ) | |
| Defendants ) | |
| ) | JURY DEMANDED |
| ) | |

**Plaintiff alleges:**

### JURISDICTION

1. Plaintiff RUSSELL BATTIATO is an individual residing in Harrisburg, Pennsylvania and a citizen of the State of Pennsylvania.

2. Defendant Harley-Davidson Motor Company is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in Milwaukee, Wisconsin.

3. This court has jurisdiction of this action under *28 U.S.C. § 1332* because:

   a. There is complete diversity of citizenship between all plaintiffs and all defendants, and

    b. There is more than $ 100,000 in controversy in this action, exclusive of interests and costs.

## CLAIM FOR RELIEF

4. Prior to June 4, 2004, defendant manufactured and placed on the market a certain product named the Harley-Davidson Sportster, VIN Number 1HD4CAM17NY206702, which was intended to be used by members of the public, such as the plaintiff, as transportation or a recreational vehicle.

5. Defendant knew that this product would be used without inspection for defects, and by placing it on the market represented that it would safely perform the uses for which it was intended.

6. The product was unreasonably dangerous, defective, and was unsafe for its intended use. In particular, the product contained the following defects: a defective "jiffy stand which rotates into the stowed position improperly.

7. The plaintiff was unaware of any of these defects in the product, and reasonably believed that the product was safe for its intended use.

8. On June 4, 2004, while using the product for the purpose and in the manner in which it was intended to be used, the plaintiff was injured when sitting atop his motorcycle and securing it.

9. The defect in the defendant's product was the direct and proximate cause of this occurrence.

10. As a result of this occurrence, the plaintiff was severely injured in that he suffered a severely fractured leg and was medically discharged from service in the United States Army.

11. As a result of these injuries, plaintiff has incurred the following damages and losses: severe pain and suffering from his fractured leg, lost wages from his military service and other employment, loss of future benefits from the military and other employment, severe psychological anguish, severe emotional distress, loss of future earning capacity, and he has been forced to spend his own money for many medical expenses associated with this loss.

12. JOHN DOES 1-10 are individuals who at any point contributed to the assembly, design, manufacture, maintenance or in any way were responsible for the defect in the afore-mentioned motorcycle. At this time insufficient information is known to specifically identify individuals or actions.

13. ABC CORPORATIONS are corporations, which at any point contributed to the assembly, design, manufacture, maintenance or in any way were responsible for the defect in the afore-mentioned motorcycle. At this time insufficient information is known to specifically identify individuals or actions.

14. DEF COMPANIES are companies, which at any point contributed to the assembly, design, manufacture, maintenance or in any way were responsible for the defect in the afore-mentioned motorcycle. At this time insufficient information is known to specifically identify individuals or actions.

15. XYZ PARTNERSHIPS are partnerships, which at any point contributed to the assembly, design, manufacture, maintenance or in any way were responsible for the defect in the afore-mentioned motorcycle. At this time insufficient information is known to specifically identify individuals or actions.

## DEMAND FOR JURY

16. Plaintiff demands trial by jury of any and all issues triable by jury.

## PRAYER

Plaintiff requests judgment:

1. For damages in the amount of $ 5 million *or* as determined by the trier of fact but in no event less than $ 75,000.

2. Prejudgment and postjudgment interest as allowed by law.

3. Costs of suit.

4. Other relief that the Court considers appropriate.

Dated: June 2, 2006

Law Offices of Lane M. Ferdinand

By: /s/ Lane M. Ferdinand
Lane M. Ferdinand

Attorneys for Plaintiff